Lane, C. J.
Two questions arise in this case :
1. As to the necessity of a demand upon a constable who levies upon goods in the possession of the debtor, before a suit is maintáinable against him. No such necessity is perceived. The writ authorizes a levy on the goods of the defendant debtor, and the officer must encounter the hazard of responsibility for taking other property, to preserve unimpaired the remedy of the true owner..
2. But a .majority of the court think an error was committed in instructing the jury that a conveyance to a trustee, made by a failing debtor, with fraudulent intentions, was void, although neither trustee nor creditor participated in the fraud. Naked justice between creditors consists in an equal distribution of the debtor’s property among all, in the same proportion. The law sometimes protects preferences, either to encourage vigilance, or to leave the acts of parties uncontrolled, when not directly wrong; but the rule of equity is the rule of equality, wherever it can *36 exert its power; and it is this rule-which the statute endeavors to follow, when it operates upon assignments. If a debtor appropriates his property in a '■'manner most consistent with the statute law and the principles .of equity, and with the demands of pure justice, the validity of the transaction should not be impaired, although his intentions are fraudulent. The act is right, although the motive may be wrong. Conformably with this doctrine, it has been often held, that a purchase by an honest purchaser is not tainted by the fraudulent intention of the vendor. A conveyance to the trustee of a creditor appears to us entitled to equal protection; since, on his acceptance of the trust, ho assumes, and the statute imposes responsibilities, for his own cor rect administration, but which ought not to be extended into liabilities for the secret frauds or corrupt intention of others.
New trial granted, and cause remanded.
Birchard, J., dissented on the last point.