King, J.
This proceeding is to reserve the judgment of the court cf common pleas affirming a judgment of a justice of the peace. The action was begun before a justice of the peace by the defendants in error here, upon a complaint of forcible entry and detention, against the plaintiff in error here. A trial was had, which resulted in a verdict of the jury and a judgment for the plaintiffs in that action, which judgment was affirmed by the court of common pleas.
Several objections are taken to this judgment, and reasons alleged why the judgments of the court of common pleas and of the justice of the peace ought to be reserved. We do not find any of these allegations of error of* sufficent importance to discuss except one. The principal point which I desire to notice is the complaint which is made here, and which was urged in the court of common pleas — that the judgment and verdict are wrong because of the charge of the court to the jury, and because of the refusal of the court to give a request.
Mr. Gladwell entered into possession of the premises which he was in the occupation of at the time of this trial, under a written lease made to him of a certain store-room on Monroe street in the city of Toledo for the term beginning on the *418 first day of January, 1889, and running to the first day of January,1890, for an annual rental of I860 per annum, payable monthly, in advance, on the first day of each month. Mr. Gladwell entered into possession of these premises, and occupied them during the continuation of this lease; and at its expiration, and afterwards, he held over and continued his occupation of the same premises, without any other lease having been made or executed between the parties, and continued his occupation up to the trial, and paid the rent —as far as appears here — in accordance with the terms of the lease under which he entered into possession.
On the 31 of August, 1896, the plaintiffs below notified Mr. Gladwell, or served upon him the following notice:
“Mr. T. J. Gladwell,
“Dear Sir:
“The lease executed between the late Horace Holcomb and yourself under date of the fifteenth day of December, 1888, and for one year from the first day of January, 1889, to the first day January, 1890, and under the continuation of which you have been in occupation of store No. 309 Monroe street, Toledo, Ohio, (old number 31 Monroe street), in Holcomb Block, will expire and terminate on the first day of January, 1897, on which date you will please surrender and give up possession of said store, as the owners have decided to make other use of it, and will not renew the lease.
“Yours very truly,
“Elizabeth H. Hume, and
“Elizabeth Holcomb, owners, by
“Wm, A. Hume, Agent.
“Served Aug. 81, 1896.
On January 2d, 1896, the owners, by William A. Hume, their agent, served upon Mr. Gladwell another notice, notifying him to leave the premises described in the notice, and describing the same as in the first notice, and-that his 'c'om *419 pliance with that notice within three days after its service would prevent legal measures being taken against him. The'three days time having expired, complaint was filed before a justice of the peace against Mr. Gladwell in the usual form. Upon the trial, the justice instructed the jury reading the part which is excepted to ,as follows:
“This court would hold, however, aud - so instructs you, that if you shall find from the testimony that the plaintiff served upon defendant a four months’ notice, the notice of four months duration, under the circumstances, this court would instruct you that it was a reasonable notice.”
The defendant asked the court to give this to the jury:
“If Mr. Gladwell entered into the use and occupation of the premises at issue in this cause under a lease for one year, to terminate on the first day of January, 1890, and if he, Gladwell, thereafter remained in the use and occupation of said premises from year to year, "until the first day of January, 1897, paying rent therefor, as under the same written lease, and if such rents have been received by Mr. Holcomb during his life, and after his death they were received by the plaintiffs,his, Gladwell’s tenancy of said premises, is a tenancy from year to year from said 1st day of January, 1890, to said first day of January,1897, and if so, he, Gladwell, was and is entitled to a six months’ notice to quit said premises, for any current year. And if the jury shall find from the evidence in this cause that he (Gladwell) did thus enter upon and hold said premises, it was the duty of the plaintiffs if they desired to terminate said lease on the first day of January A. D. 1897, to give Mr. Gladwell notice to quit said premises six months prior to said first day of January, 1897. And if the jury under such circumstances shall find that the plaintiffs failed to so notify Mr. Gladwell, they must return a verdict in his favor.”
The notice which I have read indicates that it was given to Mr. Gladwell more than four months before the commencement of proceedings, and more than four months before the expiration of the year during which he was then holding *420 these premises. The year would expire on the first day of January, 1897; and the notice was served on the thirty-first day of August, 1896, and it is claimed that the court should not have instructed the jury that four months was a reasonable time — or a reasonable notice — under the circumstances of the case, but that the court should have instructed the jury that a six months’ notice is required by law. Or,if the court refused to charge the jury that a six months’ notice is required by law, it should have then charged the jury that reasonable notice, or a reasonable time, should be given,and that the question of what is a reasonable time, should be left for the jury to determine under all the circumstances of the case, and this is the question which I desire to notice. First, as to whether six months’ notice is required by the law of Ohio to be given for a termination of a tenancy such as the one here — the holding over after the expiration of the lease and a holding over which has been held to be a holding over from year to year, or from term to term, depending upon its length of duration upon the term in the original lease. It is, I think, true, as claimed by counsel for the plaintiff in error — and substantially conceded — that the common law of England, as established by the decisions of its courts, requires that a notice for six months shall be given to terminate a tenancy from year to year. And it is also claimed, and it is true, that such is the law of some of the states of this Union — three or four — possibly more; and it is also true that in many states a different rule has been adopted by statute, and it is also true that in Ohio no rule has been adopted, either by statute or by the courts — so far as we are advised — at least we are referred to no decision and have been unable to find any establishing a rule upon that subject, in Ohio.
Mr.Walker, in his work on American Law, says with reference to this subject:
“The next improvement was to determine that, unless *421 there was an express agreement to hold at will, all tenancies for no stipulated term, should be construed as periodical tenancies from year to year, or some shorter period, according to the facts of the case. The establishment of this wholesome doctrine, is a virtual abolition of estates at will; and it has been fully recognized in this state. But since the creation of this periodical tenancy, there has been much diversity of opinion in different places, in regard to the notice to quit. In England, it is half a year; in some of the states, the same; in others, a reasonable time; but here nothing is settled. We have two ways of dispossessing a refractory tenant, namely: by the action of ejectment, and of forcible detainer. In ejectment, our statute requires ten days’ notice before the commencement of the term to which the appearance is to be made; and in forcible detainer, three days’ notice before the commencement of the suit; bnt this is a different thing from notice to quit.” (Walker’s Am. Law, §183.)
And, as I have said, in many of the states they have adopted a statute upon that subject; and in most of the states where there is a Btatute, it has provided for a three months’ notice — some of th'em I think four months’ notice —but in a majority of them the time has been fixed at three months. The question then occurs: What is the rule in Ohio? It is argued that it must be the common law rule — . the rule most generally adopted by the states where there have been no statutes upon the subject. So far as the question whether we are required to adopt the common law rule is concerned, we think it has been decided by the supreme court in a number of cases, that it will depend on circumstances. In Bloom v. Richards, 2 Ohio St., 387, the court say,on page 391:
‘‘The English common law, so far as it is reasonable in itself, suitable to the condition and business of our people, and consistent with the letter and spirit of our federal and state constitutions and statutes, has been and is followed by our courts, and may. be said to constitute a part of the common law of Ohio. But wherever it has been found wanting *422 in either of these requisites, our courts have not hesitated to modify it to suit our circumstances, or, if necessary, to wholly depart from it.” ,
And the same court, in 3 Ohio St., 172 and on page 178, in the opinion in the case of Kerwhacker v. C. C. & O. R. R. Co., say this:
“The common law, therefore, has no force in Ohio, except so for as it derives authority from judicial recognition in the practice and course of adjudication in our courts; and this extends no farther than it illustrates and explains the rules of right and justice as applicable to the circumstances and institutions of the people of the state.”
These cases were referred to and cited with approval in the case of Drake v. Rogers, 13 Ohio St. 36, in which the court quotes from the opinion in the 3d Ohio St.,and uses this language:
‘‘The common law has continued to be recognized as the rule of decision, in the absence of legislative enactments, so far as rules and principles appeared to be based on sound reason, and applicable to our condition and circumstances.”
We feel, then, that we are not bound to hold or to- say that the common law rule is the law of Ohio, but are left to determine this question according to our best judgment and best light; and in doing so it is fair to say that only a majority of the court think that the rule applicable to the termination of tenancies like the one in question — which is that of a store-room rented for what might be called mercantile purposes only — -that the common law rule requiring-a notice of six months, would be entirely inapplicable to the termination of that kind of a tenancy. If it were to be placed upon the ground of reason, we. can discover no reason why such a rule should obtain. The tenant in this case entered into possession of this property under a specific contract which limited the duration of his occupancy to one year,and he knew when it ended. The law of Ohio, as declared by *423 the decisions of its courts, has established the doctrine that if the tenant hold over beyond that year,and continued in the occupation of the premises, paying rent, with the acquiescence and acceptance of the landlord, thát those facts would create a tenancy for an additional year, and he would be entitled to another full year; but that year would end exactly as the first would end — at the end of the calendar year after the expiration of the term named in the lease, so that, if he continued to hold for a second year, or a third year, his tenancy would be of the same nature, and it is a tenancy from year to year,and nothing more, and how it can be said that he should acquire by reason of that any new rights when there has been no change in the contract,is something that my mind- fails tc comprehend. We think, too, that it would interfere very materially with the transaction of ordinary business in the leasing and renting of property and the termination of'the occupancy of property at the expiration of the term of the lease, whether that term be implied from the action of the parties or an expressed one in the terms of their contract; and so we are unwilling to hold that the rule of the common law is applicable in the state of Ohio to a lease like this.
This brings me to the question as to whether or not four months is a reasonable time, and whether or not the court should have .so said to the jury in this case. Upon this point I will only refer to a single authority, as to whether that is a question of law or of fact. I should say,first, that we are entirely satisfied that four months is a reasonable time, without fixing any rule — we are satisfied that four months will certainly include “a reasonable time.” Now, as to whether it it is a question of law, or of fact, or both, to be determined by a jury, we refer to 19 American & Eng. *424 Encyclopaedia of Law, as to the question of reasonable time* reading from page 641:
A. W. Eolcert, for the Plaintiff,
G: H. Beckv'-'th and U. G. Denman, for the Defendant.
“On principle it would appear that if a statute or any positive rule of law prescribes the doing of an act within a reasonable time, it is the province of the court, in construing such law, to declare whether a given time is, within the intent or meaning of the law, • a reasonable time. So in the interpretation of a written instrument specifying a reasonable time, the question what is such time, is one for the court to answer, after considering the terms of the instrument and the intent of the parties * * * It has, however, been said that the time in question may be so short or so long that the court will declare it, as a matter of law, to be reasonable or unreasonable.’’
And several cases are cited under that proposition. We think that is perhaps^ fair statement of what the law is upon that subject; for if it becomes a question of what is a reasonable time, and the time is fixed, and if it be so long that the court could well say it was reasonable, then it is for the court to say, or if it be so short that the court could well say it was unreasonable, the.court could say that; but if it is doubtful so that the court might say under one view of the facts it was reasonable, and under another view, that it was unreasonable, the court would have to submit the question to the jury. But, holding as we do, that under a tenancy of this kind, four months included a reasonable time, we are well satisfied that the court was correct in charging the jury to the effect that if they found this notice to have been given four months before the termination of this year, that, as a matter of law, was a reasonable notice to quit these premises. That we take to be the law, and we believe the court was correct in charging that proposition.
The judgment of the court of common pleas affirming the judgment of the justice of peace, will be affirmed.